MEMORANDUM **
Manuel Ricardo Pulache-Talledo, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, Gormley v. Ashcroft, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny in part and grant in part the petition for review and remand.
Substantial evidence does not support the IJ’s adverse credibility finding because Pulache-Talledo’s testimony was not inconsistent with country reports. See Duarte de Guinac v. INS, 179 F.3d 1156, 1162 (9th Cir.1999) (purpose of country conditions evidence is not to corroborate specific acts of persecution, but to provide information about the context in which the alleged persecution took place). Furthermore, the IJ improperly required Pulache- *771 Talledo to present corroborative evidence from his union and political party. See Sidhu v. INS, 220 F.3d 1085, 1090-92 (9th Cir.2000) (corroboration of credible testimony is unnecessary; corroborative documents from persons living outside of the United States is almost never easily available).
Accepting Pulache-Talledo’s testimony as credible, substantial evidence does not support the IJ’s order denying asylum. Pulache-Talledo testified that he was attacked three times by persons who questioned him about his political beliefs, and threatened him and his family if he continued his union activities. Pulache-Talledo’s wife testified that she was raped by men who said they wanted to ensure that Pulache-Talledo did not return to Peru. The record evidence compels the conclusion that Pulache-Talledo was persecuted on account of political opinion. See Navas v. INS, 217 F.3d 646, 657 (9th Cir.2000) (“In some cases, the factual circumstances alone may provide sufficient reason to conclude that the acts of persecution were committed on account of political opinion, or one of the protected grounds. Indeed, this court has held persecution to be on account of political opinion where there appears to be no other logical reason for the persecution at issue.”).
Pulache-Talledo failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to Peru. See 8 C.F.R. § 208.16(c)(2).
We remand this case to the BIA for further proceedings to determine whether, accepting Pulache-Talledo’s testimony as credible, he has met the criteria for asylum and withholding of removal. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.